IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD TONEY, )<br>  )<br>       Plaintiff, )<br>  )<br>     v. )<br>  )<br>  )<br>ROBERT W. SEIBERT, JR., Council )<br>Member for Harmar Township, individually )<br>and in his official capacity; )<br>JAMES R. DIPALMA, Council Member for )<br>Harmar Township, individually and in his official )<br>capacity; )<br>LEO CHINI, Council Member for Harmar )<br>Township, individually and in his official capacity; )<br>and HARMAR TOWNSHIP, )<br>  )<br>       Defendants. ) | CIVIL ACTION<br>NO. 05-0449<br><br>Judge Schwab |

**MOTION TO DISMISS PURSUANT TO RULE 4(M) FOR FAILURE TO SERVE COMPLAINT AND SUMMONS WITHIN TIME PROVIDED BY RULE**

Defendants, by and through their undersigned attorneys, hereby appear before this Honorable Court for the special and limited purpose of moving for an Order dismissing this action for failure to serve the Complaint and Summons within the 120 day time limit for service provided by Rule 4(m) of the Federal Rules of Civil Procedure. In support of their Motion, Defendants aver as follows:

1. Plaintiff, Richard Toney ("Toney") apparently commenced this action on or about April 5, 2005.

2. Toney's attorney, Walter J. Nalducci, Esquire provided Defendants with a copy of a Return of Service dated April 6, 2005 in which he claims to have served the Complaint by "Certified Mail." Mr. Nalducci apparently did not file this "Return of

Service" as no such return of service appears of record on the docket of this action.  See Exhibit 1.

3. This representation is consistent with the representations included on the "Certificate of Service" attached to the Complaint wherein Mr. Nalducci represents that he purported to serve each of the Defendants by "United States Certified Mail" addressed to 710 Freeport Road, Cheswick, Pennsylvania, 15024 on April 5, 2005.  See Exhibit 2.  Mr. Nalducci makes the claim even though the Summons was not issued until April 7, 2005, and thus could not have been served on April 5, 2005.  See Exhibit 3.

4. No Rule of Civil Procedure permits service of a Summons and Complaint upon these Defendants by certified mail.

5. Further, none of the Defendants reside at or maintain an office at "710 Freeport Road."  Rather, the Township's Municipal office is located at 701 Freeport Road.

6. Likewise, none of the individual Defendants maintain an office or place of business at either 701 or 710 Freeport Road.

7. Further, the copies of the Complaint that Mr. Nalducci purportedly served at the wrong address were incomplete, and were missing no less than two full pages of allegations.

8. On May 12, 2005, Michael J. Hennessy, Esq. an attorney employed by the Township's Solicitor's Office, telephoned Mr. Nalducci and told him that his attempt to mail the Complaint was not sufficient to effect service under the Federal Rules of Civil Procedure.

9. In said telephone conference, Mr. Hennessy advised Mr. Nalducci that, if he (Mr. Nalducci) obtained and provided the Forms 1A and 1B required for a Waiver of Service Pursuant to Rule 4(d), he would execute the forms on behalf of all Defendants, thus waiving the requirement for personal service.  Mr. Hennessy confirmed this offer and conversation in a letter to Mr. Nalducci dated May 12, 2005.  See Exhibit 4.

10. Mr. Nalducci did not respond to Mr. Hennessy's offer or letter, nor did he provide the Waiver of Service forms or make any other attempt to serve the Summons and Complaint (beyond his April 5, 2005 attempt to mail incomplete copies of the Complaint to the wrong address) until August 19, 2005 when he mailed a copy of the Complaint and a "Notice of Lawsuit and Request for Waiver of Service" (Form 1A) for each Defendant to the undersigned.  Mr. Nalducci failed to enclose copies of the Summons, Waiver of Service of Summons Forms (Form 1B) to be served and returned and the required postage prepaid return envelope.

11. Rule 4(m) of the Federal Rules of Civil Procedure requires service of the Summons and Complaint to be made within 120 days after filing the Complaint.  If service is not made within 120 days the Complaint should be dismissed unless the Plaintiff shows good cause for the failure to make service within the 120 period.

12. Plaintiff made **no effort** to properly serve the Complaint and Summons until 134 days after filing the Complaint, and still has yet to comply with the rules for Waiver of Service.

13. There is no good cause or reason to excuse the failure to serve the Complaint and Summons within the time provided by Rule as Mr. Nalducci was given written notice that his attempt to mail an incomplete copy of the Complaint, without a Summons, to the wrong address was not sufficient to accomplish service. He was further

directed, in writing, to the specific rules and forms necessary to accomplish a Waiver of Service and yet he took no action on the Defendants' offer to waive service until more than two weeks after the 120 period for service of the Summons and Complaint under Rule 4(m) expired.

WHEREFORE, Defendants respectfully request that this Honorable Court issue an Order dismissing the Complaint for failure to make service within the time period provided by F.R.C.P. 4(m).

                                                Respectfully submitted,
                                                Tucker Arensberg, P.C.

s/ *Christopher W. Cahillane*
Frederick J. Wolfe, Esquire
Pa. I.D. #56865
Christopher W. Cahillane, Esquire
Pa. I.D. #75977
1500 One PPG Place
Pittsburgh, PA 15222
Attorneys for Defendants

LIT:368954-1 021374-124035

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD TONEY, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 05-0449 |
| ) | |
| v. ) | |
| ) | |
| ROBERT W. SEIBERT, JR., Council ) | |
| Member for Harmar Township, individually ) | |
| and in his official capacity; ) | |
| JAMES R. DIPALMA, Council Member for ) | |
| Harmar Township, individually and in his official ) | |
| capacity; ) | |
| LEO CHINI, Council Member for Harmar ) | |
| Township, individually and in his official capacity; ) | |
| and HARMAR TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

AND NOW, this      day of            , 2005, upon consideration of Defendants' Motion to Dismiss Pursuant to Rule 4(m) for Failure to Make Timely Service of the Complaint and Summons, the Complaint herein is hereby DISMISSED WITHOUT PREJUDICE.

_____
J.

LIT:368954-1 021374-124035