IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD TONEY,

    Plaintiff,                                          05cv0449

v.                                                   **ELECTRONICALLY FILED**

ROBERT W. SEIBERT, JR., ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Because plaintiff has not served his complaint against the defendants within 120 days and has offered no good cause for his failure to do so, this Court will exercise its discretion to grant defendants' motion to dismiss pursuant to Fed.R.Civ.P. 4(m).

The relevant facts are not in dispute. Plaintiff filed his complaint on April 5, 2005, against Harmar Township and three council persons, asserting federal question jurisdiction on his First Amendment retaliation, Title VII and other claims, and supplemental jurisdiction over state law Whistleblower and breach of contract claims.  Attorney Walter Nalducci's certificate of service attached to the complaint states that the summons and complaint were served by certified mail "this date" of April 5, 2005, which is inconsistent with the fact that the summons was not actually issued by the Clerk of Court until April 7, 2005.  Motion to Dismiss, Exhibits 2, 3.

Plaintiff's counsel does not dispute that the copies of the complaint were mailed to the wrong address, 710 Freeport Road instead of 701 Freeport Road, or that the copies of the complaint were missing two pages of allegations.  Counsel does state, however, that the Post Office "caught" the mistake and delivered the complaints and summonses on April 8, 2005, and therefore "warrants that proper service occurred under Rule 4 of the Federal Rules of Civil

1

Procedure on April 8, 2005." Plaintiff's Response to Motion to Dismiss, ¶ 6. Plaintiff is mistaken; as defendants correctly observe, the Federal Rules of Civil Procedure do not permit service of the complaint by certified mail as a matter of course.

Nevertheless, attorney Michael Hennessy, then representing defendants, telephoned plaintiff's counsel on May 12, 2005, to inform him that defendants would waive service pursuant to Rule 4(d), and advised him to mail the proper forms for waiver of service and to otherwise comply with Rule 4(d) regarding waiver of service. Mr. Hennessy followed the phone conversation with a letter stating his position that the complaint "has not yet been properly served," and advising plaintiff's counsel to forward the Rule 4(d) Waiver of Summons Forms and he would be "happy to return them . . . executed on behalf of all defendants for filing, thus waiving the requirement for personal service." Motion to Dismiss, Exhibit 4.

Mr. Nalducci does not dispute these assertions, but claims: (i) that there was some confusion about which lawyer was going to be representing defendants because "both counsel who had been involved at this point were leaving the firm"; (ii) that "subsequent calls . . . did not clear up the issue as to who would be handling the matter . . . ."; and (iii) that plaintiff's counsel would be contacted when that decision was made. Response to motion to dismiss, ¶¶ 7, 8. Attorney Nalducci does not attach an affidavit to his response, nor are there any letters or correspondence or emails to support his alleged "confusion" about who would be representing defendants. In any event, the "attorney confusion" issue is not supported on the record as attorney Hennessy's letter was quite explicit -- it advised Mr. Nalducci to mail the proper waiver forms to him, Mr. Hennessy.

Not until August 19, 2005, weeks after the 120 day period within which to properly serve

a complaint has expired, did Attorney Nalducci attempt to obtain a waiver of service when he sent a copy of the complaint and a notice of lawsuit and request for waiver of service form to current counsel for defendants, but he did not include the summons and waiver of summons forms to be served and returned nor did he include a postage prepaid return envelope, as required by Fed.R.Civ.P. 4(d).

Mr. Nalducci's sole explanation for the failure to serve the complaint within 120 days as required by the Federal Rules of Civil Procedure is his alleged "confusion" about which lawyer would be representing defendants, and his claim that he "had yet to hear from defense counsel despite Plaintiff's counsel making multiple calls to inquire on the matter." Response to motion to dismiss , ¶ 12. Again, there are no phone records, affidavits or other documentation supporting this averment about "multiple phone calls."

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In deciding whether to dismiss an action for failure to serve within 120 days, the district court must employ a two-pronged inquiry. First, the Court must determine whether good cause for the failure to effect timely service exists. "If good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, if good cause does not exist, the court nonetheless has

3

discretion to either dismiss the case without prejudice or extend the time for service. *Id*.

Rule 4(m) does not define "good cause," but the United States Court of Appeals for the Third Circuit has equated "good cause" with the "excusable neglect" standard under Fed.R.Civ.P. 6(b)(2). *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Thus, good cause "require[s] a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*; *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (*quoting MCI Telecommunications*, 71 F.3d at 1097).

Neither "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server," constitutes "good cause" to excuse the failure to serve within 120 days. *Petrucelli*,, 46 F.3d at 1307 (internal quotation marks omitted); *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987). A plaintiff's "disregard for . . . the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996). *See also Momah v. Albert Einstein Medical Center*, 158 F.R.D. 66, 69 (E.D.Pa. 1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule).

Plaintiff's counsel has not demonstrated good cause for his neglect. He made <u>no efforts</u> to comply with the rule in timely fashion after attorney Hennessy informed him, on May 12, 2005, that his attempt to serve by certified mail was not effective, and invited him to forward the necessary forms and prepaid postage addressed envelope for execution of defendants' waiver of service. Counsel's attempts to properly serve defendants can <u>at best</u> be described as half-hearted.

It is within the Court's discretion to extend the time for service despite the lack of good cause, but plaintiff has offered <u>no reason</u> this Court should do so. To date, he still has not complied with the Federal Rules of Civil Procedure through his belated mailing of <u>some</u> of the requisite forms to defense counsel, but not others, on August 19, 2005. Counsel has given the Court no reason to expect his level of attention to this case will improve with time or with another chance to serve his complaint belatedly. Accordingly, the Court declines to exercise its discretion to enlarge the time within which to serve the complaint *nunc pro tunc*. For the foregoing reasons,

**AND NOW, this 13th day of September, 2005, IT IS HEREBY ORDERED** that defendants' motion to dismiss pursuant to Fed.R.Civ.P. 4(m) (Document No. 2) is **GRANTED. IT IS FURTHER ORDERED** that this the case is **DISMISSED** without prejudice.

The Clerk of Court is directed to mark this case closed.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All counsel of record as listed below

Walter Nalducci, Esquire
Arthur Cutruzzula & Associates
3300 Grant Building
Pittsburgh, PA 15219

Frederick J. Wolfe, Esquire
Christopher W. Cahillane, Esquire
1500 One PPG Place
Pittsburgh, PA 15222